UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
NOEL REYES

        Plaintiff,                                     Memorandum and Order
                                                          10-cv-1838

   - against -

THE CITY OF NEW YORK, et al.

        Defendants.
------------------------------------------------------x
GLASSER, United States District Judge:

      Plaintiff Noel Reyes ("plaintiff" or "Reyes") brought this action against the City of New York ("NYC"), the New York City Police Department ("NYPD"), and two unidentified police officers ("Officer Doe 1" and "Officer Doe 2") (collectively, "defendants"), pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1983, 1985, and 1986, alleging false arrest, false imprisonment, and malicious prosecution. Before the Court is defendants' motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Defendants argue: (1) plaintiff failed to timely serve Officers Doe 1 and 2 pursuant to Fed. R. Civ. P. 4(m) and those claims are now barred by the statute of limitations; (2) NYPD is a non-suable entity; and (3) plaintiff has failed to state a claim as a matter of law. For the following reasons, defendants' motion is GRANTED.

## BACKGROUND

The following facts are undisputed and drawn from the complaint and documents of which the Court may take judicial notice.[1] At 1:35 p.m. on May 15, 2007, police received a report of an armed robbery of the Grand Community Laundromat at 302 Grand Street in Brooklyn. Declaration of Sumit Sud dated March 3, 2009 ("Sud Decl."), Ex. C (Arrest Record & Complaint Report). Officers responded to the scene and spoke with two witnesses: Daniel Boentoro, a Laundromat employee, and Johnny Morales, a customer. Sud Decl. Ex C (Complaint Report). The witnesses reported that the perpetrators brandished a silver handgun, took the Laundromat cash box, and then fled on a bicycle. Sud Decl. Ex. C (Arrest Record & Complaint Report).

One minute later, at approximately 1:40 p.m., police officers stopped Reyes and another Hispanic male at the intersection of Roebling Street and South 1st Street in Brooklyn, New York, approximately two blocks from the Laundromat. Compl. ¶ 15; Sud Decl., Ex. C (Arrest Record & Arrest Worksheet). Shortly thereafter, officers brought the witnesses to the scene, where they made a "show up" identification of Reyes and his companion as the men who robbed the Laundromat. Sud Decl. Ex. C (Complaint Informational Report).

Reyes was taken to the 90th Precinct station house, and charged with burglary, armed robbery, and menacing in the third degree. Compl. ¶ 18; Sud Decl. Ex C (Arrest Record). Reyes was detained for two days at the station house before being transferred

---

[1] In deciding a motion for judgment on the pleadings, the court may consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." McCrary v. Cnty. of Nassau, 493 F. Supp. 2d 581, 587 (E.D.N.Y. 2007) (citing Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993). This includes public records from plaintiff's criminal file. See, e.g., Vasquez v. City of New York, 99 CV 4606 (DC), 2000 WL 869492, at *1 n.3 (S.D.N.Y. June 29, 2000).

to the Kings County Criminal Court, where he was arraigned. Id. Because he was unable to make bail, Reyes was then jailed at Rikers Island Correctional Facility. Id. On June 13, 2007, Reyes was indicted by the Grand Jury on charges of Robbery in the First Degree, Robbery in the Third Degree, and Petit Larceny. Sud Decl. Ex. C (Indictment).

Prior to his criminal trial, plaintiff made a motion to dismiss the indictment based on the insufficiency of the evidence presented to the Grand Jury. Id. Ex. E. On September 6, 2007, the Supreme Court, Kings County, denied the motion. Id. Prior to trial, plaintiff also challenged the lawfulness of his arrest, claiming the police lacked probable cause, moved to suppress the "show-up" witness identification as unduly suggestive and a violation of his constitutional rights, and sought to suppress evidence seized at the time of his arrest (a blue bicycle). Id. Ex. F. On November 27, 2007, this motion was denied. Id.

At Reyes's criminal trial on December 12, 2007, the Assistant District Attorney called two witnesses to the crime, including Daniel Boentoro. Compl. ¶¶ 12, 23. Both witnesses testified that Reyes did not commit the crime. Id. Reyes was acquitted by the jury and released from custody on December 12, 2007. Id. ¶¶ 24-25; Declaration of David M Harrison dated April 1, 2011, Ex. 1.

## DISCUSSION

Defendants argue judgment on the pleadings is warranted because: (1) plaintiff failed to timely serve Officers Doe 1 and 2 pursuant to Fed. R. Civ. P. 4(m) and those claims are now barred by the statute of limitations; (2) NYPD is a non-suable entity; and (3) plaintiff has failed to state a claim as a matter of law. Because the Court finds that

plaintiff has failed to state a claim, it is unnecessary to address defendants' other arguments.

## I. Standard of Review

Federal Rule of Civil Procedure 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion under Fed. R. Civ. P. Rule 12(c), the Court applies the same standard as that applicable to a motion under Fed. R. Civ. P. 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters Inc., 842 F.2d 639, 642 (2d Cir. 1988).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (alteration, citations, and internal quotation marks omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "

4

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

## II. The Civil Rights Act

Plaintiff's Complaint cites a laundry list of provisions of the Civil Rights Act: 42 U.S.C. §§ 1981, 1983, 1985, and 1986. See Compl. ¶ 1. However, plaintiff fails to plead any section 1981, 1985 or 1986 claims with specificity and plaintiff does not raise any arguments against their dismissal. See Pl.'s Mem. of Law in Opposition. Accordingly, these claims are dismissed and the Court considers only plaintiff's § 1983 claims.

Section 1983 governs civil rights actions against a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." See Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). "The statute itself is not a source of substantive rights but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Fowlkes v. Rodriguez, 584 F. Supp. 2d 561, 572 (E.D.N.Y. 2008) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). Here, plaintiff claims a violation of his Fourth Amendment rights and New York law provides the elements of the applicable section 1983 causes of action. See Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (false arrest); Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994) (malicious prosecution).

### III. Plaintiff's Claims for False Arrest and False Imprisonment are Barred by Collateral Estoppel

Under New York law, the elements of a false arrest or false imprisonment claim are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer, 63 F.3d at 118. Only the fourth element is in dispute: plaintiff claims he was arrested and imprisoned without probable cause, in violation of his Fourth Amendment rights. Compl. ¶ 17.

Collateral estoppel bars plaintiff from making this claim. "The Supreme Court has long since removed any doubt that the doctrine of collateral estoppel applies to actions brought under § 1983," Green v. Kadilac Mortg. Bankers, 936 F. Supp. 108, 114 (S.D.N.Y. 1996) (citing Allen v. McCurry, 449 U.S. 90, 104-05, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)), and a court may dismiss a claim sua sponte on grounds of collateral estoppel. Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998). Courts in this circuit have repeatedly barred § 1983 plaintiffs from relitigating in federal court issues decided against them in state criminal proceedings. See, e.g., Mitchell v. Hartnett, 262 F. Supp. 2d 153, 155 (S.D.N.Y. 2003) (state court decision collaterally estopped plaintiff from relitigating the lawfulness of his arrest via § 1983 claim); Boomer v. Bruno, 134 F. Supp. 2d 262, 268-69 (N.D.N.Y. 2001) (dismissing § 1983 malicious prosecution claim where state court previously determined the issue); McBride v. Bratton, 1996 WL 636075, at *3 (S.D.N.Y. Nov. 4, 1996), aff'd 122 F.3d 1056 (2d Cir. 1997) (dismissing § 1983 false arrest claim where state court previously determined officers had probable cause to arrest); Brown v. De Fillipis, 717 F. Supp. 172, 179 (S.D.N.Y. 1989) (dismissing § 1983

false arrest claim where state court previously determined officers had probable cause to arrest).

Collateral estoppel applies when: "'(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (quoting Purdy v. Zeldes, 337 F.3d 253, 258 & n.5 (2d Cir. 2003).

Here, plaintiff previously challenged his arrest in a pre-trial motion in state court, arguing the police lacked probable cause to arrest: the same issue plaintiff now raises before this Court. Compare Sud Decl. Ex. F, with Compl. ¶ 17. It is clear that plaintiff had a full and fair opportunity to litigate the issue in state court: a hearing was held on November 26, 2007 before New York Supreme Court Judge Deborah Dowling at which Officer Olga Mencia, who initially stopped plaintiff, and Officer Joseph Scorcia, the arresting officer, testified under oath as to the events leading to plaintiff's arrest. Id. Following the hearing, Judge Dowling issued a Memorandum and Order in which she made detailed findings of fact regarding the grounds for plaintiff's arrest and concluded that "based upon the totality of the circumstances adduced at this hearing . . . probable cause existed for the defendant's arrest . . . ." Id. Probable cause is a complete defense to a claim of false arrest and imprisonment. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (citing Zanghi v. Inc. Vill. of Old Brookville, 752 F.2d 42, 45 (2d Cir. 1985)).

Plaintiff cannot now relitigate this issue by filing suit in federal court. The Court finds the plaintiff's § 1983 claims for false arrest and imprisonment are barred by collateral estoppel and defendants' motion is granted as to this claim.

### IV. Plaintiff Fails to State a Claim for Malicious Prosecution

Plaintiff also fails to state a claim for malicious prosecution. Under New York law, to succeed on a claim of malicious prosecution, the plaintiff must prove four elements: (1) the defendant initiated or continued a criminal proceeding; (2) the proceeding terminated favorably to the plaintiff; (3) there was no probable cause for the criminal charge; and (4) the defendant acted maliciously. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). Here, plaintiff fails to show there was no probable cause for the criminal charge.

Plaintiff was indicted by a Grand Jury on June 13, 2007. See Sud Decl., Ex C at 14-15. Prior to his criminal trial, plaintiff made a motion to dismiss the indictment. The State Supreme Court conducted an in camera review of the Grand Jury minutes and, by a Memorandum and Order dated September 6, 2007, determined the evidence presented to the Grand Jury "legally sufficient to establish the finding of each and every count of the indictment." Sud Decl. Ex E.

Where, as here, the plaintiff was indicted by a Grand Jury, New York law provides for a "presumption of probable cause for the purposes of defending against a malicious prosecution claim," Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000), a presumption that can only have been enhanced by the State Court's in camera review. The existence of probable cause is a complete defense to a claim of malicious prosecution. Savino, 331 F.3d at 72. This presumption of probable cause "may only be

8

rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Id. (emphasis in original) (quoting Colon v. City of New York, 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453, 456, 455 N.E.2d 1248 (1994)).

Plaintiff has not made even conjectural allegations that the defendant officers committed fraud, perjury, or the like. Instead, plaintiff argues the defendant officers "wrongfully failed to take any reasonable measures to identify and/or verify the plaintiff, NOEL REYES, as a 'perpetrator,'" Compl. ¶ 20, by failing to conduct a second 'line up' identification with Boentoro and Morales and that "the failure of defendants' officers to properly produce plaintiff for a lineup before such individuals resulted in plaintiff being prosecuted and jailed for a crime he did not commit." Pl.'s Mem. of Law at 9. Plaintiff incorrectly asserts that an acquittal means he was wrongly charged with a crime he did not commit whereas in fact it means only that the government failed to prove its case beyond a reasonable doubt. Plaintiff asks the Court to infer from the witnesses' recantation at trial that the identification was flawed and the prosecution lacked probable cause.

For the reasons set forth previously, plaintiff is collaterally estopped from re-litigating the reliability of Boentoro and Morales's 'show-up' identification. In the prior state court proceedings, plaintiff moved to suppress that identification as unduly suggestive and, after a full and fair opportunity to be heard, his motion was denied. See Sud Decl. Ex F. Secondly, the "failure" to conduct a second, line-up identification is not remotely comparable to the type of misconduct required for rebuttal. See, e.g., Celestin v. City of New York, 581 F. Supp. 2d 420, 433-34 (E.D.N.Y. 2008) (collecting cases of

9

misconduct sufficient to rebut Grand Jury indictments).  Police officers are not obligated to pursue every possible avenue that may exonerate the defendant, Gisondi v. Harrison, 523 N.Y.S.2d 235 (1988), and the failure to conduct an exhaustive investigation is not misconduct.  See, e.g. Jean v. City of New York, 08 Civ. 157 (RER), 2009 WL 3459469, at *7-9 (E.D.N.Y. Oct. 22, 2009) (rejecting argument that officer's failure to interview other witnesses is comparable to fabricating false evidence), aff'd, Jean v. Montina, 412 F. App'x 352 (2d Cir. 2011); Gil v. Cnty. of Suffolk, 590 F. Supp. 2d 360, 370 (E.D.N.Y. 2008) ("[F]ailure to conduct further investigation . . . does not amount to fraud, bad faith or the suppression of evidence and is insufficient to overcome the presumption.").

Having failed to rebut the inference of probable cause created by his indictment, plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 547, and defendants' motion is granted as to plaintiff's malicious prosecution claim.

### V.     Plaintiff Fails to state a Claim for Municipal Liability

Plaintiff also purports to assert a Monell claim against NYC and the NYPD, alleging that his unlawful arrest, detention, and prosecution was the result of "a pattern and practice of wrongful and unreasonable conduct . . ." which included racial profiling.  Compl. ¶ 29.  It is well-settled that the NYPD is not a suable entity, see Maier v. N. Y. City Police Dep't, No. 08 Civ. 5104 (ILG), 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) ("The New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." (quotation omitted)), and this claim may only be brought against NYC.

"A Monell claim—arising from the Supreme Court case of Monell v. Department of Social Services, 436 U.S. 658 (1978)—is a way to hold a municipality liable under Section 1983 for the conduct of its employees." Pugh v. City of New York, 2002 WL 398804 (ILG), 2 (E.D.N.Y. Jan. 15, 2002). A municipality may be liable under § 1983 when, by implementation of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers" or through practices that are so "permanent and well settled" as to constitute governmental "custom," it deprives the plaintiff of a constitutional right. Id. at 690, 98 S. Ct. 2018. Because plaintiff has failed, as a matter of law, to demonstrate he suffered any violation of his constitutional rights, plaintiff's Monell claim must also fail.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim as a matter of law and defendants' motion for judgment on the pleadings is GRANTED.

**SO ORDERED.**

Dated:     Brooklyn, New York
           January 6, 2012

                                                    _/s/_____
                                                    I. Leo Glasser, U.S.D.J.